Juan Cruz AYALA; Martha Cruz
Yepez; Juan Manuel Cruz,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–75076.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

Fernando Quinones, Esq., Concord, CA,
for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Juan Cruz Ayala, Martha Cruz Yepez, and Juan Manuel Cruz, husband, wife, and son, and natives and citizens of Mexico, seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003), and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the BIA's underlying order affirming the immigration judge's ("IJ") decision denying cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

The BIA considered the evidence petitioners submitted with their motion to reopen and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship is not supported by the record.

Lastly, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla,* we are not sure if petitioner can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to allow the BIA to determine that question.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, and GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.